IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCO TULIO GONZALEZ OLMEDO,  )
                                                          )
                    Petitioner,              )
                                                          )
        v.                                              )        Case No. 25-3159-JWL
                                                          )
UNITED STATES IMMIGRATION AND  )
    CUSTOMS ENFORCEMENT;        )
C. CARTER, Warden, FCI-Leavenworth, )
                                                          )
                    Respondents.          )
                                                          )
_____)

## **MEMORANDUM AND ORDER**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials and the failure of those officials to make a required custody determination. For the reasons set forth below, the petition is hereby **granted in part and denied in part**. The petition is granted with respect to the claim that petitioner has improperly been denied a custody review; and respondents are hereby ordered to ensure that petitioner receives a custody review determination by **October 27, 2025**, and to provide notice to the Court and to petitioner when that determination has been made. The petition is otherwise denied, including with respect to petitioner's request for release from custody.

Petitioner is a native and citizen of El Salvador. In November 2009, immigration officials first encountered petitioner, who had entered the United States illegally; removal proceedings were initiated, and petitioner was removed from the United States. Petitioner

continued to enter this country illegally, however, and between December 2009 and November 2017, petitioner was removed from the United States a total of *seven times*. In August 2024, petitioner was again encountered in the United States without authorization, after his arrest on state forgery charges, and he was taken into custody by immigration officials. Petitioner filed an application for relief, and on February 10, 2025, an immigration judge granted him withholding of removal to his home country. Petitioner is presently detained within this judicial district. On August 11, 2025, petitioner filed the instant petition. Respondents filed an answer to the petition, petitioner filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period." *See* 8 U.S.C. § 1231(a)(1)(A). In this case, the removal period began on March 12, 2025, when petitioner's order of withholding became administratively final after neither side filed an appeal within 30 days. *See id.* § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(c). Specifically, petitioner claims that because six months have now elapsed since the beginning of the removal period, his detention has

become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

Applying this framework, the Court concludes that petitioner has not met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner relies on the fact that six months have now passed since the beginning of his removal period (although that period had not yet elapsed when petitioner filed his petition). The mere fact that the requisite six months have now elapsed, however, is not sufficient to meet petitioner's burden. *See Zadvydas*, 533 U.S. at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months."). Moreover, officials have persistently removed petitioner in the past (seven times), and petitioner concedes that officials tried to remove him to a third country last month; thus, petitioner has not shown that officials have not been attempting to effect his removal yet again. In light of such efforts and the fact that petitioner's detention has lasted

4

only slightly longer than six months since the beginning of the removal period, the Court cannot find that petitioner's detention has become unreasonably indefinite. The Court therefore denies petitioner's claim for release on that basis.

Petitioner also claims that officials have not properly afforded him the required custody review. First, the Court rejects petitioner's conclusory argument, made without supporting authority, that the review should be conducted by a neutral decision-maker. *See Garcia Uranga v. Barr*, 2020 WL 4334999, at *8 (D. Kan. July 28, 2020) (Lungstrum, J.) (citing cases in rejecting the same argument).

The Court concludes, however, that petitioner has effectively been denied the required review. Respondents concede that Post-Order Custody Reviews (POCRs) are required 90 days after the removal period begins and again at 180 days. *See* 8 C.F.R. § 241.4. Respondents further concede that although petitioner was served in December 2024 with a notice that his custody status would be reviewed in February 2025, petitioner was not actually interviewed as a part of that review until April 14, 2025; and that no determination has yet been made on that initial custody review. The Court concludes that the lack of any determination more than six months after the removal period began – and more than three months after his 90-day review was to be conducted – effectively constitutes a denial of petitioner's right to that review, in violation of the applicable regulations.

Respondents have not shown that this violation was harmless, as respondents have not argued that the review will result in a determination of continued detention. The Court agrees with respondents, however, that the appropriate remedy is to ensure that petitioner

is afforded the process denied by the violation. *See Virani v. Huron*, 2020 WL 1333172, at *12 (W.D. Tex. Mar. 23, 2020) (citing *Mohammad v. Lynch*, 2016 WL 8674354, at *6 n.6 (W.D. Tex. May 24, 2016) and *Bonitto v. Bureau of Immigration and Customs Enforcement*, 547 F. Supp. 2d 747, 758 (S.D. Tex. 2008)). Accordingly, respondents are hereby ordered to ensure that petitioner receives a custody review determination by **October 27, 2025**, and the petition is granted to that extent. Respondents shall provide notice to the Court and to petitioner when such determination has been made.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. The petition is granted with respect to the claim that petitioner has improperly been denied a custody review; and respondents are hereby ordered to ensure that petitioner receives a custody review determination by **October 27, 2025**, and to provide notice to the Court and to petitioner when that determination has been made. The petition is otherwise denied, including with respect to petitioner's request for release from custody.

IT IS SO ORDERED.

Dated this 3rd day of October, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge